IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| ANTHONY C. HARTLEY, and DAYNA M. HARTLEY, | |
| Plaintiffs, | Civil No. 6:11-cv-6374-TC |
| v. | ORDER |
| FEDERAL NATIONAL MORTGAGE, ASSOCIATION and QUALITY LOAN SERVICING CORPORATION OF WASHINGTON, | |
| Defendants. | |

Plaintiff Anthony Hartley and Dayna Hartley bring this action against Federal National Mortgage Association (Fannie Mae) and Quality Loan Service Corporation alleging wrongful foreclosure and trespass. Plaintiffs seek an injunction preventing foreclosure and damages related to dispossession of and trespass on the subject property. The court granted plaintiffs request for a temporary

1 - ORDER

restraining order (TRO) on November 28, 2011. The parties agreed that no action would be taken on the foreclosure until the motion could be briefed and argued. Because defendants have had an opportunity to respond in writing, the court treats plaintiffs' motion for a TRO as one seeking a preliminary injunction.

In seeking a preliminary injunction, plaintiffs must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in their favor. The critical element in determining the test to be applied is the relative hardship to the parties. If the balance of harm tips decidedly toward the plaintiffs, then the plaintiffs need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. Gilder v. PGA Tour, Inc., 936 F.2d 417, 422 (9th Cir. 1991). For purposes of injunctive relief, serious questions refers to questions which cannot be resolved one way or the other at the hearing on the injunction and as to which the court perceives a need to preserve the status quo lest one side prevent resolution of the questions or execution of any judgment by altering the status quo. Id. Serious questions are substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation. Serious questions need not promise a certainty of success, nor even present a probability of success, but must involve a fair chance of success on the merits. Id.

Even if the balance of hardships tips sharply in plaintiffs'

2 - ORDER

favor, however, it must be shown as an irreducible minimum that there is a fair chance of success on the merits. <u>Stanley v. University of Southern California</u>, 13 F.3d at 1313, 1319. (1994). Moreover, the public interest must be considered where, as here, the relief sought by the applicant might affect the public. <u>See Weinberger v. Romero-Barcelo</u>, 456 U.S. 305, 312 (1982) (where an injunction is requested which will adversely affect a public interest for whose impairment, even temporarily, an injunction bond cannot compensate, the court may in the public interest withhold relief until a final determination of the rights of the parties, though the postponement may be burdensome to the plaintiff).

Plaintiffs offer two reasons as to why an injunction stopping the proposed foreclosure should be granted: (1) not all transfers and assignments of the deed of trust have been recorded; and (2) defendants have not responded to plaintiffs' request for a loan modification.

As to the recording issue, this court has previously determined that assignments in the interest in the mortgage note must be recorded prior to a non-judicial foreclosure in <u>Burgett v. MERS</u> 09-6244 (orders dated October 20, 2010 (#63) and February 8, 2011 (minutes) (#94)). Under ORS § 86.735, a trustee may foreclose a trust deed if, among other things, "The trust deed, any assignments of the trust deed by the trustee <u>or the beneficiary</u> and any appointment of a successor trustee are recorded in the mortgage records in the counties in which the property described in the deed

3 - ORDER

is situated." (emphasis added).[1] This is not a MERS case, but plaintiffs allege that the when the note holder (First Horizon Home Loans) merged with First Tennessee Bank National Association, no transfer to First Tennessee was recorded. In addition, plaintiffs assert that the loan was securitized and a mortgage package was sold into a trust. Although First Horizon Home Loans maintained the servicing rights, plaintiffs assert the loan itself has been conveyed. However, plaintiffs, at best, only provide speculation of the loan being packaged into securities and sold. The conveyance of the deed to Fannie Mae has been recorded. It is not clear if the merger with First Tennessee necessitated recording. However, even assuming this raises a substantial question as to whether the processes required by the foreclosure statutes were followed, plaintiffs are not entitled to preliminary injunctive relief as will be discussed below.

Plaintiffs also assert that they submitted a request for a loan modification but that defendants did not respond to the request. Under ORS § 86.737, a foreclosing entity must provide a request for modification. Defendant Fannie Mae asserts the modification request was not timely returned, but plaintiff provides a fax confirmation appearing to show that plaintiff faxed the request one day before the due date. It is not clear if the form had to be mailed, but, at any rate, assuming a response is necessary prerequisite to foreclosure, preliminary injunctive

---

[1] Even assuming that the deed itself never changed hands, the holder of the note would be a beneficiary by virtue of the fact that the mortgage is secured by the deed.

4 - ORDER

relief is still not appropriate.

Plaintiffs trespass claim only seeks money damages and thus, an adequate legal remedy exists to prevent irreparable harm. In addition, a wrongful foreclosure claim appears premature. As noted above, the foreclosure has not yet taken place. Oregon recognizes an action for "wrongful foreclosure" brought post-foreclosure. See Staffordshire Investments, Inc. v. Cal-Western Reconvenyance Corp., 209 Or.App. 528, 149 P3d 150 (2006). However, Oregon does not recognize a claim for a wrongfully attempted foreclosure given the lack of remedy:

> If the foreclosure process had not been aborted prior to sale, plaintiffs could possibly pursue a claim for wrongful foreclosure under Oregon's nonjudicial foreclosure statutes based on the invalid assignment allegations. Without an actual foreclosure, however, it may be that plaintiffs have no remedy for the alleged initiation of the foreclosure process by the wrong entity.

Hulse v. Ocwen Fed. Bank, FSB, 195 F Supp 2d 1188, 1204, n. 5 (D.Or. 2002). Oregon is in accord with "the overwhelming majority of states" which do not recognize a claim for wrongful attempted foreclosure. Santos v. Countrywide Home Loans, 2009 WL 3756337 at *3 (E.D.Cal. Nov 6, 2009).

The reason that there isn't a wrongful attempted foreclosure cause of action, is because the remedy provided for failure to conform to Oregon non-judicial foreclosure procedures is the right of redemption, not invalidation of the foreclosure. See ORS §§ 86.739, 86.742 (must demonstrate ability to cure the default). Here, it is undisputed that plaintiffs are more than $100,000

5 - ORDER

behind on their mortgage payments and have not demonstrated an ability or even a willingness to cure the default. The Oregon Trust Deed Act provides an opportunity for plaintiffs to cure the default and prevent foreclosure. See ORS § 86.737 (sale can be stopped by paying amount past due up to five days before the sale). Accordingly, there is no risk of irreparable harm. Moreover, although plaintiffs assert they have timely requested a loan modification, they do not show they are entitled a modification.

Plaintiffs argue that being limited to a post-foreclosure challenge will result in irreparable harm, but only assert that harm results from depleting judicial resources and increasing the number of parties to the potential litigation. Plaintiffs' statement that "a challenge before the actual sale ... prevents economic hardship..." belies the assertion of irreparable harm.

If plaintiff had evidence of conveyance of the beneficial interest in the deed via transfer of the note, the court could view the wrongful foreclosure claim as one seeking a declaratory judgment (which is listed in the caption), and plaintiffs may be entitled to a declaration that defendants violated Oregon's Trust Deed Act. But again, plaintiffs do not provide an inadequate demonstration of irreparable harm as nothing more than economic harm is alleged or is at risk. Plaintiffs do not contend some intangible damage would befall them if the foreclosure proceeds. Plaintiffs do not live in the home, or at least state that the "family was not residing on the property full time," and receive no unique benefit from it. Plaintiffs no not even have equity in

6 - ORDER

the home. Moreover, even if there were an equitable reason to stop the foreclosure, plaintiffs themselves lack clean hands because they have not demonstrated that they are willing to perform their obligations under the trust deed and note.[2]

At best, an injunction in a case in which assignments of the beneficial interest have not been recorded serves the purpose of allowing a debtor negotiate loan modifications that are in the best interest of the obligor and obligee where a trustee may not have such an interest or may actually benefit from a default on a home in which the value is exceeded by the loan amount (such as may be the case involving mortgage backed securities). But in this case, plaintiffs show no ability to bring even the loan principal up to date. While it is conceivable that preliminary injunctive relief may be warranted in these types of cases, the equities do not favor an injunction in this case. Accordingly, the TRO is lifted and the motion for a preliminary injunction is denied (#3).

DATED this 5% day of March, 2012.

_Michael L. Hogan_
United States District Judge

---

[2] As noted above, plaintiffs are not living in the home and have not made any payments on the loan in over three years. It should also be noted that plaintiffs would not be subject to a deficiency judgment following foreclosure pursuant to ORS § 86.770.

7 - ORDER